a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DIWAYNE ALAN BROWN #57592-177,<br>Petitioner | CIVIL DOCKET NO. 1:26-CV-00442<br>SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| WARDEN F C I POLLOCK,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Diwayne Alan Brown ("Brown").  Brown is imprisoned at the Federal Correctional Institution in Pollock  Louisiana.  He challenges the computation of his sentence by the Bureau of Prisons ("BOP").

Because Brown does not establish that he is entitled to a speedier release from custody, and the BOP has not yet decided Browns' request for *nunc pro tunc* designation, the Petition should be DENIED but DISMISSED WITHOUT PREJUDICE.

I.    Background

On August 22, 2018, while in primary state custody, Brown was temporarily transferred to federal custody pursuant to a writ of habeas corpus *ad prosequendum*. ECF No. 7 at 5.  Brown pleaded guilty to possession of a firearm by a convicted felon in the United States District Court for the Northern District of Texas.  ECF No. 1-3

1

at 26. On February 1, 2019, he was sentenced to 115 months of imprisonment, to run concurrent with any sentence to be imposed in Tarrant County Case No. 1552718, and consecutive to any sentence imposed in Case Nos. 1552722 and 1559582, in the same court. *Id.* at 41.

On March 6, 2019, Brown was transferred back to state authorities. On May 7, 2019, Brown pleaded guilty in Tarrant County Case No. 1552720D. Pursuant to a plea agreement, the three cases referenced in the federal judgment were unadjudicated and barred from prosecution. Brown was sentenced to seven years of imprisonment. *Id.* Brown completed his state sentence on December 10, 2024. *Id.*

Because the federal judgment was silent as to Case No. 1552720D, the BOP determined that the federal sentence ran consecutive to the state sentence. ECF No. 1-3 at 55. Still, the BOP gave Brown credit for time spent in primary state custody from June 28, 2018, through May 6, 2019. ECF No. 7 at 5. The remaining time in state custody was credited toward his state sentence. *Id.*

Brown petitioned the BOP for a *nunc pro tunc* designation. ECF No. 7 at 4. On February 11, 2026, the Administrator for the National Inmate Appeals informed Brown that the BOP will seek the position of the federal sentencing court, which will have 60 days to respond. *Id.* at 6. Thereafter, the BOP will make a designation determination and notify Brown of its decision. *Id.*

II.    Law and Analysis

Generally, multiple terms of imprisonment imposed at different times are presumed to run consecutively unless the district court orders that they run

2

concurrently. *Hunter v. Tamez*, 622 F.3d 427, 431 (5th Cir. 2010); *Potoski v. Fox*, 583 F. App'x 396, 397 (5th Cir. 2014). The federal judgment specified that the federal sentence was to run concurrent with Case No. 1552718, and consecutive to Case Nos. 1552722 and 1559582. But those cases were not adjudicated pursuant to a plea agreement in Case No. 1552720D. Because the sentencing court was silent as to Case No. 1552720D, the federal sentence is presumed to run consecutive to the state sentence.

The authority to grant or deny sentencing credit is specifically reserved to the United States Attorney General, who has delegated that responsibility to the BOP. *See U.S. v. Wilson*, 503 U.S. 329 (1992); *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003). A district court may review a challenge to the BOP's refusal to grant credit. *See Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010). Here, the BOP has not refused Brown's request. Rather, it is seeking input from the sentencing court before making its decision. ECF No. 7.

## III.   Conclusion

Because Brown does not establish that he is entitled to any additional sentencing credit, and the BOP has not denied his request for *nunc pro tunc* designation, IT IS RECOMMENDED that the Petition (ECF No. 1) be DENIED and DISMISSED WITHOUT PREJUDICE to refiling should he disagree with the BOP's determination.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service,

unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, April 14, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE